UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY A. GUNTER,<br>Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:09-cv-2270 |
| | § | |
| MANN BRACKEN, LLP, and<br>MIDLAND FUNDING, LLC,<br>Defendant | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Mary A. Gunter, Plaintiff in the above-numbered and styled case, complaining of and against Mann Bracken LLP and Midland Funding LLC, and for cause of action would respectfully state the following:

### I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).   Venue in this District is proper in that the Defendants transact business here and/or the conduct complained of occurred here.

### III.  PARTIES

3.  Plaintiff, Mary A. Gunter, is an individual residing at 13422 Calhoun Road, Conroe, Texas 77302.

4.  Defendant Mann Bracken, LLP, is a foreign limited liability partnership engaged in the business of collecting debts in this state with its principal place of business located at 702 King Farm Blvd., Rockville, Maryland 20850.   Defendant Mann Bracken, LLP, may be served through its registered agent listed with the Texas Secretary of State, CT Corporation System, located at 350 North St. Paul Street, Dallas, Texas 75201.   The principal purpose of Mann Bracken, LLP,  is the collection of debts using the telephone and mail, and the defendant regularly attempts to collect debts alleged to be due another.

5.  Defendant Mann Bracken, LLP,  is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6.  Defendant Midland Funding, LLC, is a foreign corporation engaged in the business of collecting debts in this state with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123.   Defendant Midland Funding, LLC, may be served through its registered agent listed with the Texas Secretary of State, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, located at 701 Brazos, Suite 1050, Austin, Texas 78701.   The principal purpose of Midland Funding, LLC,  is the collection of debts using the telephone and mail, and the defendant regularly attempts to collect debts alleged to be due another.

7.  Defendant Midland Funding, LLC,  is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## IV.  FACTUAL ALLEGATIONS

8.  Plaintiff, Mary A. Gunter, has been sued on three separate occasions by Mann Bracken, LLP in its capacity for Midland Funding, LLC.   Each of the account relates to a credit card account used for personal, family or household purposes.

9.  The first lawsuit, *Midland Funding LLC, Assignee of GE Money Bank v. Mary Gunter*, Cause No. CV51C008828 in the Justice of the Peace Court, Precinct 5, Place 1, Harris County, Texas filed on May 29, 2008 [hereinafter "First Suit"].   The First Suit

referenced "W&A file no. 179774244," also identified as a GE Money account number 7981924441147618 and Midland Credit Management, Inc. account number ending in 9915.

10.   On or about August 1, 2008, Plaintiff filed her a responsive pleading to the First Suit through counsel.

11.   The second lawsuit, *Midland Funding LLC, Assignee of Bank of America v. Mary A. Gunter*, Cause No. 8093JC in the Justice of the Peace Court, Precinct 4, Montgomery County, Texas was filed on October 28, 2008 [hereinafter "Second Suit."] The Second Suit referenced "File no. 181833880," also identified as Bank of America account number ending in 1704 and Midland Credit Management, Inc. account number 8526387254.

12. On or about April 20, 2009, Plaintiff filed her responsive pleading to the Second Suit through counsel.

13.   The third lawsuit, *Midland Funding LLC, Assignee of Bank of America v. Mary A. Gunter*, Cause No. 09-01-00720 in the County Court at Law Number 4, Montgomery County, Texas was filed on January 22, 2009 [hereinafter "Third Suit"].   The suit referenced "File no. 183229631," also identified as  a Bank of America account number ending in 2737 and Midland Credit Management, Inc. account number ending in 9586.

14.   On or about June 2, 2009, Plaintiff filed her responsive pleading to the Third Suit through counsel.

15.   In at least one of the collection calls, Defendant Mann Bracken, LLP on behalf of Midland Funding, LLC asked Plaintiff if she feared God.

16.   On or about August, 2008, Defendant Mann Bracken, LLP contacted Plaintiff on behalf of Defendant Midland Funding, LLC in an attempt to collect on a Bank of America debt.   Defendant Mann Bracken, LLP advised Plaintiff that it had  three of her accounts and asked if that Plaintiff is a professional credit debtor.

17.   On or about October, 2008, Defendant Mann Bracken, LLP on behalf of Midland Funding, LLC contacted Plaintiff's 80 year old neighbor, Irene, in regards to Plaintiff's debt.

18.   On or about October 2008, Plaintiff contacted Defendant from her neighbor's phone.  Defendant told Plaintiff they got the neighbor's phone number from a third party company but would not specify which one.  Plaintiff told Defendant not to contact her neighbor anymore but Defendant told Plaintiff that this number has been affiliated with Ms. Gunter's account since she has called from there.

19.    On or about June 18, 2009, Defendant Mann Bracken, LLP on behalf of Defendant Midland Funding, LLC, filed a Notice of Nonsuit Without Prejudice in the Second Suit.

20.    On or about June 22, 2009, an Order of Non-suit was entered in the Second Suit.

21.   On June 22, 2009 around 8:30 a.m., Defendant Mann Bracken, LLP called Plaintiff on behalf of Defendant Midland Funding LLC, in an attempt to collect the debt it identified as account number 181833880, the same account referenced in the Second Suit.

22.   On June 23, 2009 around 10:30 a.m., Defendant Mann Bracken, LLP called Plaintiff on behalf of Defendant Midland Funding LLC in an attempt to collect the debt.

23.    On June 24, 2009 around 10:30 a.m., Defendant Mann Bracken, LLP called Plaintiff on behalf of Defendant Midland Funding LLC in an attempt to collect the debt it identified as account number 181833880, the same account referenced in the Second Suit.

24.   On or about June 24, 2009, Plaintiff received a collection letter from Defendant Mann Bracken, LLP on behalf of Midland Funding, LLC stating that Plaintiff should be aware that Midland Funding LLC filed a lawsuit against Plaintiff and would like her to contact Mann Bracken, LLP to resolve this matter to "avoid proceeding forward to

judgment." The letter references Claim No. 8093JC, the same cause number as was assigned the Second Suit.

25. As a result of Defendants' debt collection tactics, Plaintiff has suffered anxiety, frustration, fear and emotional distress.

## V. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff incorporates paragraphs 1-25 above.

27. Defendants violated the FDCPA by contacting the Plaintiff in connection with the collection of a debt when the Defendant knew that the Plaintiff was represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

28. Defendants violated the FDCPA by using unfair practices against Plaintiff in violation of 15 U.S.C. § 1692f.

29. Defendants violated the FDCPA by continuously calling Plaintiff with the intent to annoy and harass her in violation of 15 U.S.C. § 1692d.

30. Defendants violated the FDCPA by misrepresenting to Plaintiff that the Second Suit had been re-filed or was still pending against her in violation of 15 U.S.C. § 1692e(5) and (10).

31. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), including fees in the event of appeal;

D. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Dana Karni
DANA KARNI
KARNI LAW FIRM, P.C.
State Bar No. 24044379
S.D. Texas Bar No. 592484
4635 Southwest Freeway, Suite 610
Houston, Texas 77027
Telephone:    (713) 552-0008
Facsimile:     (713) 454-7247
DKarni@TexasConsumerDebt.com

ATTORNEY FOR PLAINTIFF